Curtis PREE and Ernest Johnson, Petitioners,

v.

**DISTRICT OF COLUMBIA BOARD OF ELECTIONS & ETHICS,** Respondent.

No. 94–AA–913.

District of Columbia Court of Appeals.

Argued Aug. 5, 1994.

Decided Aug. 5, 1994.

Brian J.H. Lederer, with whom Harley J. Daniels, was on the brief, for petitioners.

William H. Lewis, with whom Alice P. McCrory–Miller, was on the brief, for respondent.

Before SCHWELB and FARRELL, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The District of Columbia Board of Elections and Ethics (the Board) sustained challenges to nominating petitions filed on behalf of petitioners, prospective mayoral candidates for the primary election in September, 1994. Relying upon this court's decision in *Orange v. District of Columbia Bd. of Elections & Ethics,* 629 A.2d 575 (D.C.1993), the Board determined that both nominating petitions failed to contain the required number of signatures of persons with accompanying addresses that match addresses for those persons on the Board's voter registration roll. *See* D.C.Code § 1–1312(*o* )(3) (1992). In this court, petitioners contend primarily that the Board lacked jurisdiction to entertain the challenges to their respective petitions because neither was timely filed, each bearing a Board-impressed time stamp of later than 5:00 p.m. on July 18, 1994, the last day of the allowable challenge period.

In arguing that the election statute imposes a deadline of 5:00 p.m. for a challenge to a nominating petition, petitioners rely on D.C.Code § 1–1312(q), which provides that "[a]ny petition required to be filed under this subchapter by a particular date must be filed no later than 5:00 p.m. on such date." There is a serious question at the outset whether this provision even applies to *challenges* to nominating petitions. The subchapter referred to (Subchapter I of Title 1, Chapter 13) describes various forms of "petition" that may be filed. *E.g.,* D.C.Code §§ 1–1306(b)(3)(A)(iii), 1–1312(a)(2) & (b)(2), 1–1312(i)(1) (nominating petitions); § 1–1313(e) (petition to have challenged ballot counted); § 1–1315(a) (petition for recount); § 1–1320(g) (initiative or referendum petition); § 1–1321 (recall petition). By contrast, § 1–1312(*o* )(1) declares that "[a]ny registered qualified elector may within the 10–day period [during which a nominating petition is posted] challenge the validity of any petition *by written statement* signed by the challenger. . . . A copy of the *challenge* shall be sent by the Board promptly to the person designated for the purpose in the nominating petition." (Emphasis added). Thereafter, § 1–1312(*o* )(2), "[t]he Board shall receive evidence in support of and in opposition to the *challenge* and shall determine the validity of the challenged *nominating petition. . . .*" (Emphasis added). The statute thus distinguishes between petitions (in particular, nominating petitions) and challenges to petitions; while the latter must be filed during

the 10–day posting period, they do not fall textually within the requirement that "petition[s]" be filed no later than 5:00 p.m. on the final day.[1]

■ We do not decide the case on this basis, however, because the Board has not made the argument on brief and petitioners accordingly had no opportunity to respond to it before the court raised the issue at oral argument.[2] Moreover, it is unnecessary to decide the issue because we sustain as a permissible reading of § 1–1312(q) the Board's interpretation of the verb "filed." As the Board explained in its decision, it deems challenges to have been timely filed if the challenger (or his representative) is personally within the Board's offices by 4:45 p.m. on the final day for filing and possesses the challenge documents. The fact that processing of those documents may result in their actual receipt (as evidenced by a time stamp) after 5:00 p.m. does not make the filing untimely. Given the burden which the Board understandably may have of processing last-minute petitions of various kinds as well as challenges, its interpretation of the statute is not unreasonable, and we therefore uphold it as a permissible reading of a term ("filed") admitting of different possible meanings by the agency charged with administration of the statute. *Timus v. District of Columbia Dep't of Human Rights,* 633 A.2d 751, 758–59 (D.C.1993) (en banc); *see also Dankman v. District of Columbia Bd. of*

*Elections & Ethics,* 443 A.2d 507, 514 (D.C. 1981) (en banc).[3]

■ Petitioners' remaining argument is that the statutory requirement of a match of address between the nominating petition and the voter registration roll (§ 1–1312(o)(3)) has been superseded by the address change provisions of the National Voter Registration Act of 1993, 42 U.S.C.A. § 1973gg *et seq.* (West Supp.1994). As this argument was not raised before the Board we need not consider it. *E.g., Nelson v. District of Columbia Dep't of Employment Servs.,* 530 A.2d 1193, 1196 (D.C.1987). In any event, the federal statute does not take effect in the District of Columbia until January 1, 1995, and by its terms applies only to elections "for Federal office," *see, e.g.,* 42 U.S.C.A. § 1973gg–3, which is expressly defined (*id.,* § 1973gg–1(2)) by reference to 2 U.S.C. § 431(3) (1988) as meaning "the office of President or Vice President, or of Senator or Representative in, or Delegate or Resident Commissioner to, the Congress."

*Affirmed.*

1. The Board's regulations similarly reflect the distinction between nominating petitions and challenges by stating, 3 DCMR § 401.2 (1990), that "[c]hallenges to petitions nominating candidates to an elected office ... shall ... be captioned 'complaint'."

2. The Board informed us that its practice, at least, has been to treat challenges to nominating

petitions the same as petitions for purposes of the 5:00 p.m. filing deadline.

3. The Board views this interpretation as consistent with 3 DCMR § 402.8 (defining "filing with the Board"), a determination we also sustain. *Dankman, supra.*